■ MARIA VASILOPOULOS, on Behalf of DESPINA VASILOPOULOS et al., Respondents, v ANDREW ROMANO, Appellant, et al., Defendants. [645 NYS2d 501]

In 1989 the defendant Andrew Romano had represented the plaintiff Maria Vasilopoulos's then husband at a loan closing at which the husband had procured a $50,000 loan, secured in part by a mortgage on certain real property belonging to Maria. Maria claimed that the power of attorney which her husband had presented at the closing was a forgery and that the transaction was unauthorized. She also claimed that her husband and Romano had conspired to conceal the details of the loan from her. In this action, she seeks compensatory and punitive damages on behalf of herself and her two infant daughters under various theories, including fraud, fraudulent concealment, and intentional infliction of emotional distress, all arising out of the loan transaction.

Romano moved to dismiss the complaint in its entirety pursuant to CPLR 3211 and 3212. By order entered March 28, 1995, the Supreme Court, Westchester County, granted the motion with respect to most of the causes of action but denied the motion as to the causes of action sounding in fraud, fraudulent concealment, intentional infliction of emotional distress, and the demand for punitive damages on those causes of action.

We agree with the Supreme Court that Maria Vasilopoulos raised triable issues of fact with regard to the causes of action

based on fraud and fraudulent concealment. In her affidavit in opposition to Romano's motion, Maria Vasilopoulos claimed that Romano refused to reveal the details of the loan closing to her, even after her repeated inquiries, even though he was indisputably aware that the mortgaged property belonged to her. She also stated that Romano claimed that he had no duty to disclose the details to her because he reasonably believed that she had authorized the transaction in its entirety. She disputed Romano's claim that the parties spoke on the telephone on the morning of the loan closing, and also disputed the authenticity of the purported power of attorney on which Romano relied. These issues of fact are sufficient to defeat Romano's motion for summary judgment as to the causes of action based on fraud and fraudulent concealment (*see, Zuckerman v City of New York,* 49 NY2d 557).

Liability for damages as a result of intentional infliction of emotional distress, however, arises only where the conduct alleged is " ' "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" ' " (*Howell v New York Post Co.,* 81 NY2d 115, 122, quoting *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303). We cannot say that Romano's alleged behavior in this case rose to that level of outrageousness. Nor would Vasilopoulos's allegations, if true, warrant the imposition of punitive damages. Such damages are available only in cases where the alleged fraud "is aimed at the public generally, is gross, and involves high moral culpability" (*Kelly v Defoe Corp.,* 223 AD2d 529, citing *Walker v Sheldon,* 10 NY2d 401, 405).

Finally, we note that Maria Vasilopoulos did not raise a triable issue of fact as to damages sustained by her daughters. The complaint, therefore, should have been dismissed in its entirety insofar as it was asserted on their behalf. Miller, J. P., Pizzuto, Santucci and Hart, JJ., concur.