■ PAULA HIDALGO et al., Respondents, v HEIGHTS INVESTMENT GROUP et al., Appellants. [663 NYS2d 823] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered on or about August 9, 1996, which denied defendants' motion to change venue from Bronx County to Westchester County, unanimously affirmed, without costs.

The record does not support defendant's claim that plaintiff deliberately misrepresented her residence on the complaint as Bronx County when in fact it was New York County, and, accordingly, defendants are not entitled to a change of venue as a matter of right (*see, Berberich v York Scaffold Equip. Corp.*, 177 AD2d 451, 452). Concur—Milonas, J. P., Nardelli, Rubin, Mazzarelli and Andrias, JJ.

SECOND DEPARTMENT, SEPTEMBER, 1997

(September 8, 1997)

■ LEN BEARY, Appellant, v WATERVIEW NURSING CARE CENTER, Respondent. [662 NYS2d 270] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Posner, J.), dated June 14, 1996, which, *inter alia*, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In this so-called "slip and fall" case, the defendant made out a prima facie case that it did not create the condition which caused the accident or that it did not have actual or constructive notice of that condition (*see, Kane v Human Serv. Ctr.*, 186 AD2d 539). In his opposition to the defendant's motion for summary judgment the plaintiff has failed to rebut this showing. Moreover, since there was only hope and speculation as to what additional discovery would uncover, the court properly granted the defendant's motion for summary judgment (*see, Mazzaferro v Barterama Corp.*, 218 AD2d 643). Copertino, J. P., Thompson, Friedmann and Florio, JJ., concur.