■ BRENDA YOUNG et al., Appellants, v XYZ CORP., Doing Business as MUSS DEVELOPMENT, Defendant and Third-Party Plaintiff-Respondent. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Third-Party Defendants-Respondents. [666 NYS2d 708] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lisa, J.), dated August 13, 1996, which, *inter alia,* granted the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for further discovery.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff Brenda Young was injured when she slipped on water that had accumulated on the floor of a bathroom in a building managed by the defendant. The third-party defendant National Cleaning Company provided evening janitorial services.

To establish a prima facie case of negligence in a slip and fall case, a plaintiff must demonstrate that the defendant either created the condition which caused the plaintiff's fall or had actual or constructive notice of it (*see, Hollinger v Chestnut Ridge Racquet Corp.,* 227 AD2d 380; *Kraemer v K-Mart Corp.,*

226 AD2d 590). To constitute constructive notice, a defect must be visible and apparent, and must exist for a sufficient length of time before the accident so as to permit the defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837).

The defendant moved for summary judgment and met its initial burden of showing that it lacked actual or constructive notice that there was water on the floor of the bathroom. Moreover, the plaintiff does not contend, and there is no evidence in the record, that the defendant created this condition. We agree with the Supreme Court that the plaintiffs failed to present sufficient proof to create a question of fact with respect to their contention that the defendant had actual or constructive notice of the condition which caused the fall.

Furthermore, under the circumstances of this case, the Supreme Court properly denied the plaintiffs' cross motion for further discovery (*see, Douglas Manor Assn. v Alimaras,* 215 AD2d 522; *Beary v Waterview Nursing Care Ctr.,* 242 AD2d 516).

The plaintiffs' remaining contentions are without merit. Mangano, P. J., Santucci, Joy and Lerner, JJ., concur.