(March 24, 1998)

■ LOUISE STEPHENS, Respondent, v J & J HAT CENTER, INC., Also Known as STETSON HAT COMPANY, Appellant. [670 NYS2d 455] —Order, Supreme Court, New York County (Norman Ryp, J.), entered on or about November 16, 1996, denying defendant J & J Hat Center, Inc., also known as Stetson Hat Company's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of the defendant-appellant, J & J Hat Center, Inc., also known as Stetson Hat Company, dismissing the complaint.

Plaintiff was injured when she fell while walking on the public sidewalk in front of defendant Stetson's premises. Allegedly, plaintiff's feet became entangled in a plastic band, of the "kind used to bundle newspaper or magazines", and, as she took a step, she fell to the sidewalk. Near the accident scene, on the

sidewalk, was a full trash basket, from which she had seen newspapers blowing. The IAS Court denied defendant's summary judgment motion, finding an issue of fact as to whether defendant knew or should have known of the presence of the plastic band. In so ruling, the IAS Court ignored the primary issue, whether defendant owed a duty to plaintiff, and ruled on a subsidiary question, which, absent a legal duty, is irrelevant.

A sidewalk is part of the public street or highway and, therefore, the duty of maintaining it in a reasonably safe condition generally is on the municipality, not the abutting landowner. (*City of Rochester v Campbell*, 123 NY 405.) Of course, if the allegedly defective sidewalk condition was caused or created by the abutting owner or arose out of the abutting owner's special use of the sidewalk, the owner would be liable. (*Montalvo v Western Estates*, 240 AD2d 45; PJI 2:111.) Here, neither of these circumstances is even suggested, much less shown to exist. The complaint should have been dismissed. Concur—Sullivan, J. P., Wallach, Rubin, Williams and Tom, JJ.