■ ERASMO LOPEZ, Respondent, v TOWN FAIR SUPERMARKET, INC., et al., Respondents, and FLORENCE D'URSO, as Trustee of

the Residuary Trust Created by CAMILLO J. DURSO, Deceased, Defendant and Third-Party Plaintiff-Appellant. COUNTY OF NASSAU, Third-Party Defendant-Respondent. [681 NYS2d 598] —In an action to recover damages for personal injuries, the defendant third-party plaintiff, Florence D'Urso, appeals from an order of the Supreme Court, Nassau County (Feuerstein, J.), dated July 8, 1997, which denied her motion for summary judgment dismissing the complaint, all cross claims insofar as asserted against her, and the counterclaims against her.

Ordered that the order is affirmed, with costs to the plaintiff.

The plaintiff allegedly broke his ankle when he stepped into an approximately six-inch deep hole while walking on a public sidewalk which abutted a building owned by the appellant. There was evidence in the record that a large drainage pipe located on the side of the building extended down into the sidewalk, causing water run-off to erode the sidewalk.

Liability may be imposed upon landowners whose property abuts a public sidewalk where the abutting landowner affirmatively caused or created the defect in the sidewalk (see, Hausser v Giunta, 88 NY2d 449, 453; see also, Caturano v City of New York, 224 AD2d 202; Forelli v Rugino, 139 AD2d 489). In opposition to the appellant's motion for summary judgment, the plaintiff raised a triable issue of fact with respect to whether the appellant had created the dangerous condition which caused the plaintiff to fall. Accordingly, the Supreme Court properly denied the appellant's motion. Rosenblatt, J. P., Copertino, McGinity and Luciano, JJ., concur.