■ HELEN M. NICHOLSON, Respondent, v CITY OF NEW YORK et al., Defendants, and WALDEN BOOK COMPANY, INC., et al., Appellants. [684 NYS2d 240] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered March 11, 1998, which denied the motion of defendant Walden Book Company, Inc. (Walden) and the cross-motion of defendant Edizione Realty Corp. (Edizione) pursuant to CPLR 3212 for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion and

cross-motion granted and the complaint as against Walden and Edizione dismissed. The Clerk is directed to enter judgment in favor of defendants Walden and Edizione dismissing the complaint as against them.

It is well settled that liability for injuries sustained as a result of the existence of a dangerous and defective condition on a public sidewalk is generally placed on the municipality rather than the abutting landowner, unless the sidewalk was constructed to accommodate a special use by the landowner or the landowner created the defect (*Hausser v Giunta*, 88 NY2d 449, 453-454; *Stephens v J & J Hat Ctr.*, 248 AD2d 270).

In this matter, there is no evidence in the record supporting the contention that defendants-appellants contributed to causing the defective condition that allegedly caused plaintiff's injury, and they were therefore entitled to summary judgment dismissing the complaint as against them. Concur—Ellerin, J. P., Nardelli, Tom and Andrias, JJ.