■ DAVID SOLARTE et al., Respondents, v LUCIANO DiPALMERO et al., Appellants. [691 NYS2d 317] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Golia, J.), dated April 14, 1998, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed.

As a general rule, an abutting landowner will not be liable to a pedestrian passing by on a public sidewalk unless (1) that landowner has created the defective condition or caused the defect to occur because of some special use, or (2) "a local ordinance or statute specifically charges [the] abutting landowner with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty" (*Hausser v Giunta,* 88 NY2d 449, 453; *see, Elias v City of New York,* 258 AD2d 435; *Nicholson v City of New York,* 257 AD2d 532; *Lopez v Town Fair Supermarket,* 256 AD2d 387; *Bachman v Town of N. Hempstead,* 245 AD2d 327; *Lobel v Rodco Petroleum Corp.,* 233 AD2d 369).

Here, there is no evidence that the defendants created or exacerbated the condition of the sidewalk, and there are no issues of fact with respect to whether the defendants' special use of the sidewalk as a driveway was a proximate cause of the alleged defect (*see, Winberry v City of New York,* 257 AD2d 618; *Castro v Village of Dobbs Ferry,* 256 AD2d 534; *Lopez v Alex-*

*ander,* 251 AD2d 297; *Rubenstein v DeGeorgio,* 236 AD2d 383). Ritter, J. P., Santucci, Luciano and H. Miller, JJ., concur.