■ ROBERTA GROSS et al., Appellants, v KAM SHE NG et al., Respondents. [702 NYS2d 904] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated October 20, 1998, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"As a general rule, an abutting landowner will not be liable to a pedestrian passing by on a public sidewalk unless (1) that landowner has created the defective condition or caused the defect to occur because of some special use, or (2) 'a local ordinance or statute specifically charges [the] abutting landowner with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty' " (*Solarte v DiPalmero,* 262 AD2d 477, quoting *Hausser v Giunta,* 88 NY2d 449, 453; *see also, Figueroa v City of New York,* 227 AD2d 373; *Darringer v Furtsch,* 225 AD2d 577). In the absence of such a local ordinance or statute, and in the absence of any evidence that the defect was created by the defendants' special use of the sidewalk, the Supreme Court properly granted the defendants' motion for summary judgment (*see, Solarte v DiPalmero, supra; Gomez v City of New York,* 238 AD2d 472; *Elias v City of New York,* 258 AD2d 435).

Furthermore, the plaintiffs' surmise that discovery might lead to evidence indicating that the defendants created the defect on the sidewalk in front of their driveway was insufficient to raise a triable issue of fact (*see, Figueroa v City of New York, supra; see also, Romeo v City of New York,* 261 AD2d 379; *Beary v Waterview Nursing Care Ctr.,* 242 AD2d 516). Mangano, P. J., Altman, Schmidt and Smith, JJ., concur.