■ SEAN LIGHTFOOT, Respondent, v CITY OF NEW YORK et al., Defendants, and BROOKLYN UNION GAS COMPANY et al., Appellants. (And a Third-Party Action.) [719 NYS2d 99] —In an action to recover damages for personal injuries, the defendants Brooklyn Union Gas Company, New York Paving, Inc., and Hallen Construction Corp. appeal, as limited by their brief,

from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated September 20, 1999, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff, while operating a motorcycle behind a vehicle driven by the defendant Sharon R. Cyrus (hereinafter Cyrus) and owned by the defendant Dianne R. George, was struck by the Cyrus vehicle when he attempted to pass it on the left. The plaintiff commenced this action against, among others, the appellants Brooklyn Union Gas Company, New York Paving, Inc., and Hallen Construction Corp., alleging that the Cyrus vehicle was forced to swerve to the left because of an alleged defect in the street. The plaintiff further alleged that the appellants caused or permitted the paving and repaving of the road, resulting in a defective condition. The Supreme Court denied the appellants' motion for summary judgment on the ground that discovery had not been completed. We reverse.

The appellants established their entitlement to summary judgment dismissing the complaint insofar as asserted against them. Cyrus testified at an examination before trial that she did not observe any defects in the roadway and that she moved her vehicle to the left because the road veered to the left. In opposition, the plaintiff offered only speculation as to why Cyrus moved her vehicle to the left, which was insufficient to raise a question of fact on the issue (*see, Zuckerman v City of New York,* 49 NY2d 557). Moreover, the "mere hope" that evidence sufficient to defeat the motion may be uncovered in further discovery is not enough to defeat the motion (*see, Mazzaferro v Barterama Corp.,* 218 AD2d 643, 644; *Jones v Gameray,* 153 AD2d 550, 551). Accordingly, the the appellants' motion should have been granted. Bracken, Acting P. J., Altman, Goldstein and McGinity, JJ., concur.