■ MARY H. LEGGIO, Respondent, v COUNTY OF NASSAU et al., Respondents, and DANLAU, INC., Appellant. [721 NYS2d 837] —In an action to recover damages for personal injuries, the defendant Danlau, Inc., appeals from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated February 24, 2000, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents, the cross motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

In support of its motion for summary judgment, the appellant landowner established its prima facie entitlement to judgment as a matter of law. It is well settled that " 'an abutting landowner will not be liable to a pedestrian passing by on a public sidewalk unless (1) that landowner has created the

defective condition or caused the defect to occur because of some special use, or (2) a local ordinance or statute specifically charges the abutting landowner with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty' " (*Gross v Kam She Ng,* 269 AD2d 424; *Solarte v DiPalmero,* 262 AD2d 477; *Loforese v Cadillac Fairview Shopping Ctrs.,* 235 AD2d 399). The appellant submitted evidentiary proof that it did not perform any repairs to the sidewalk that could have caused or exacerbated the defective condition, and that it did not cause the defect by making special use of the sidewalk. Moreover, the appellant cannot be held liable pursuant to Sidewalk Code of the Village of Malverne § 38-18, which requires an abutting property owner to keep sidewalks in good order and repair, because that provision does not impose tort liability for an alleged breach of this duty (*see, Coon v Ray,* 266 AD2d 780; *Ribacoff v City of Mount Vernon,* 251 AD2d 482; *Bloch v Potter,* 204 AD2d 672). In opposition to the motion, the plaintiff speculated that the appellant may have repaired the raised sidewalk slab prior to the accident, but offered no proof that the appellant negligently repaired the sidewalk or otherwise created the defect. Accordingly, the plaintiff failed to raise a triable issue of fact (*see, Ritts v Teslenko,* 276 AD2d 768; *Kuller v Potashner,* 268 AD2d 563; *Capobianco v Mari,* 267 AD2d 191). Furthermore, the plaintiff's mere hope that such evidence might be uncovered during discovery is insufficient to defeat a motion for summary judgment (*see, Lightfoot v City of New York,* 279 AD2d 457; *Mazzaferro v Barterama Corp.,* 218 AD2d 643; *see also, Gross v Kam She Ng, supra*). Santucci, J. P., Krausman, S. Miller and Smith, JJ., concur.