(April 26, 2001)

■ MARISOL MUNIZ et al., Respondents, v HASLEEN BACCHUS et al., Appellants, et al., Defendant. [724 NYS2d 46] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered on or about March 20, 2000, denying the motion of defendants Bacchus and Kassim for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

On May 2, 1997, plaintiff Marisol Muniz tripped and fell, sustaining personal injuries as a result of an allegedly defective condition on the public sidewalk in front of premises known as 4683 Matilda Avenue in the Bronx owned by defendants Hasleen Bacchus and Rahamatt Kassim. She and her husband sued both the City of New York, as owner of the sidewalk, and Bacchus and Kassim, as owners of the premises; the City and the property owners interposed cross claims against each other. At the conclusion of discovery, defendants Bacchus and Kassim moved for summary judgment on the ground there was no evidence that they either created the alleged defective condition causing plaintiff's fall, i.e., a raised concrete flag in the sidewalk, or that they ever made a special use of the sidewalk where the accident occurred. According to the moving defendants' deposition testimony, they purchased the subject property in July 1995. At that time and at the time of the accident, there were no outstanding violations with respect to the sidewalk; nor had they, from the time of purchase until the accident, ever performed any repairs to the sidewalk nor authorized anyone else to do so. In Bacchus's supporting affidavit and testimony, she stated she and Kassim, her son,

never made any special use of the sidewalk. She stated that the sidewalk was in the same cracked and uneven condition at the time of the accident and when the property was purchased in 1995. In opposition, plaintiffs tendered an affidavit from an engineer who inspected the property one month after the accident. He found that there had been repairs of "recent vintage" to the sidewalk. The IAS court denied the motion, finding that engineer's observation of recent repairs to be sufficient to create an issue of fact as to whether the abutting owners created the sidewalk defect. The court also cited defendant Kassim's failure to submit an affidavit stating that he did not make any repairs to the sidewalk. We reverse.

It is well settled that an owner does not owe a duty to the public to maintain the public sidewalks abutting his/her property in a safe condition and, solely by virtue of his/her ownership of the abutting property, cannot be held liable for injuries sustained by a pedestrian as a result of the sidewalk's condition. (*Goodman v 78 W. 47th St. Corp.*, 253 AD2d 384.) Liability will not attach unless the sidewalk was constructed or configured to accommodate a special use by the abutting owner or the owner created the defect. (*Nicholson v City of New York*, 257 AD2d 532.) Neither has been shown here. The engineer's affidavit does not establish that the defendant owners undertook a sidewalk repair, created an unsafe condition or used the sidewalk for a special purpose. Furthermore, as to the absence of an affidavit from Kassim, there is no requirement that evidence be submitted by affidavit to prevail on a motion for summary judgment. (*See, Alvarez v Prospect Hosp.*, 68 NY2d 320, 325.) Both moving defendants, by sworn deposition testimony, showed that they did not perform any work on the sidewalk prior to the accident and Bacchus's affidavit demonstrated that said defendants had never made a special use of the sidewalk. In the absence of any showing of liability against the abutting owners, they are entitled to summary judgment dismissing the complaint. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Wallach and Buckley, JJ.