■ MOSHE FALKOWITZ et al., Respondents, v JORDAN J. PETERS et al., Appellants. [741 NYS2d 725] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Orange County (Owen, J.), dated June 7, 2001, which granted the plaintiffs'

motion for summary judgment on the issue of liability. The appeal brings up for review so much of an order of the same court, dated August 10, 2001, as denied the defendants' motion for leave to renew (*see* CPLR 5517 [b]).

Ordered that the appeal from the order dated June 7, 2001, is affirmed; and it is further,

Ordered that the order dated August 10, 2001, is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability based upon the verified complaint, the affidavit of the plaintiff Moshe Falkowitz, and a copy of the police accident report (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Zuckerman v City of New York,* 49 NY2d 557). The affirmation of the defendants' attorney was insufficient to raise a question of fact because she "demonstrated no personal knowledge of the manner in which the accident occurred" (*Zuckerman v City of New York,* 49 NY2d 557, 563). Moreover, the defendants' attorney failed to demonstrate that "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]) and, thus, the defendants were not entitled to denial of the motion for summary judgment on the ground that discovery had not taken place (*see Leggio v County of Nassau,* 281 AD2d 518, 519; *Lightfoot v City of New York,* 279 AD2d 457, 458; *Jones v Gameray,* 153 AD2d 550, 551).

The Supreme Court correctly denied the defendants' motion for leave to renew. The defendants failed to establish reasonable justification as to why the facts offered in the affidavit of the defendant Joseph Peters were not submitted on the original motion (*see* CPLR 2221 [e]; *Homes Sav. Bank v Watersedge Estates,* 288 AD2d 266; *McNeill v Sandiford,* 270 AD2d 467; *Matter of Colonial Penn Ins. Co. v Nevelus,* 292 AD2d 381). Santucci, J.P., Altman, Townes and Crane, JJ., concur.