■ STEFAN PALO, JR., et al., Appellants, v LISA PRINCIPIO et al., Respondents. [756 NYS2d 623] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated December 12, 2001, which, inter alia, granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Michael Palo, a martial arts student at the defendants' school, allegedly sustained head injuries in a fall that occurred when he was attempting to execute a kick against a fellow student. The plaintiffs alleged, inter alia, that the defendants used unsecured rugs at their school, and that the accident was caused by the rugs slipping out from underneath Palo, as he attempted his kick. As a result, Palo allegedly struck his head on a hard wood floor.

The defendants demonstrated a prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). The burden then shifted to the plaintiffs to come forward with evidence in admissible form to establish the existence of a triable issue of fact requiring a trial (*see Zucker-*

*man v City of New York,* 49 NY2d 557 [1980]). The plaintiffs failed to do so. The record does not support the plaintiffs' theory that Palo fell because he slipped on an unsecured rug, and the only indication that the accident happened because of an unsecured rug comes from the affirmation of the plaintiffs' attorney. While the plaintiffs' attorney referred to the purported deposition testimony of Palo's father, who allegedly witnessed the accident, the attorney did not annex the relevant portion of the transcript to his affirmation, nor did he submit an affidavit from Palo's father. The affirmation of the plaintiffs' attorney, standing alone, was insufficient to raise a question of fact since he had no personal knowledge of the manner in which the accident occurred (*see Falkowitz v Peters,* 294 AD2d 330 [2002]). We further note that the affidavit of the plaintiffs' purported expert was conclusory and insufficient to raise a triable issue of fact (*see Osorio v Deer Run Assoc. 1985,* 231 AD2d 504 [1996]).

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Altman, H. Miller and Adams, JJ., concur.