■ LINDA CRISPINO, Respondent, v GREENPOINT MORTGAGE CORPORATION et al., Defendants, and JACK BEIGE, Appellant. [769 NYS2d 553]—

In an action, inter alia, to set aside a deed on the ground of forgery, the defendant Jack Beige appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated July 26, 2002, which denied his motion for summary judgment dismissing the second through sixth causes of action in the amended verified complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff and her late husband Louis Crispino (hereinafter Crispino) owned a residence in West Islip, as tenants by the entirety. In 1999 Crispino obtained a loan secured by a mortgage on the property as the apparent sole owner, based upon a deed purportedly conveying the plaintiff's interest in the property to him. The mortgage was obtained from the defendant Midlantic Mortgage Bank, formerly known as Royal Mortgage Bankers,

Inc. (hereinafter Royal), a company of which Crispino and the appellant were principals. The appellant acted as Royal's attorney and settlement agent on the transaction. Just before he died, Crispino informed the plaintiff that he had taken her name off the deed. The plaintiff subsequently commenced this action, inter alia, to set aside the deed on the ground of forgery, to cancel the mortgage, and to recover damages under various theories, all arising out of the fraudulent conveyance and mortgage transaction. After a nonjury trial on the limited issue of the validity of the deed and mortgage, the Supreme Court found that the deed was a forgery and, among other things, directed cancellation of the deed and the mortgage. On March 20, 2002, a partial judgment was entered in favor of the plaintiff, which this Court affirmed on appeal (*see Crispino v Greenpoint Mtge. Corp.*, 304 AD2d 608 [2003]).

While the appeal was pending, the appellant moved pursuant to CPLR 3212 for summary judgment dismissing the second through sixth causes of action in the amended verified complaint insofar as asserted against him. The Supreme Court denied the motion. We reverse.

The appellant demonstrated his prima facie entitlement to judgment as a matter of law dismissing the second through sixth causes of action insofar as asserted against him by establishing that the plaintiff, who has now been awarded the equitable relief demanded in her complaint, has not suffered any damages arising from the fraudulent conveyance and mortgage transaction (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). In opposition, the plaintiff failed to submit evidentiary proof in admissible form sufficient to raise a triable issue of fact that she has suffered compensatory damages due to the fraud (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, supra at 324; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The affirmation of the plaintiff's attorney, standing alone, was insufficient to raise a question of fact in that regard (*see Falkowitz v Peters*, 294 AD2d 330 [2002]).

Contrary to the plaintiff's contention, she is not entitled to punitive damages, as she made no such demand in her complaint. In any event, such damages are available only in cases where the alleged fraud "is aimed at the public generally, is gross, and involves high moral culpability" (*Kelly v Defoe Corp.*, 223 AD2d 529 [1996]; *see Vasilopoulos v Romano*, 228 AD2d 669 [1996]). The appellant's conduct in this case does not warrant the imposition of punitive damages.

The plaintiff is not entitled to an award of an attorney's fee

absent an agreement between the parties, statutory authorization, or court rule (*see Hooper Assoc. v AGS Computers,* 74 NY2d 487, 491-492 [1989]; *Glatter v Chase Manhattan Bank,* 239 AD2d 68 [1998]). To the extent that her cause of action for an award of an attorney's fee is based on Debtor and Creditor Law § 276-a, it must be dismissed, since this is not an action to set aside a conveyance by a debtor (*see* Debtor and Creditor Law § 276-a; *Greenwood Packing Corp. v Triangle Meat & Provisions Corp.,* 120 AD2d 701 [1986]).

The plaintiff's cause of action to recover damages for intentional infliction of emotional distress must be dismissed because the appellant's conduct did not rise to the level of extreme and outrageous conduct which is necessary to sustain such a cause of action (*see Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303 [1983]; *Glatter v Chase Manhattan Bank, supra; Vasilopoulos v Romano, supra*). In addition, the cause of action to recover damages for negligent infliction of emotional distress must be dismissed since the appellant's conduct did not unreasonably endanger the plaintiff's safety or cause her to fear for her safety (*see Davies v County of Nassau,* 260 AD2d 531 [1999]; *Losquadro v Winthrop Univ. Hosp.,* 216 AD2d 533 [1995]; *Glendora v Gallicano,* 206 AD2d 456 [1994]). Finally, the cause of action to recover damages for conspiracy to commit fraud must be dismissed since "a mere conspiracy to commit a fraud is never of itself a cause of action" (*Brackett v Griswold,* 112 NY 454, 467 [1889]; *see Alexander & Alexander of N.Y. v Fritzen,* 68 NY2d 968, 969 [1986]). Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the second through sixth causes of action insofar as asserted against him. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.