OPINION OF THE COURT
Peter H. Mayer, J.
The motion is decided as follows: it is ordered that the plaintiffs motion (No. 004) which seeks, inter alia, an order vacating the court’s July 9, 2010 order of reference and granting a new order of reference, is hereby denied for the reasons set forth herein; and it is further ordered that the plaintiff shall appear by Gerald Roth, Esq. in the courtroom of the undersigned on December 18, 2014 at 9:30 a.m. for a hearing to determine what, if any, sanctions should be imposed by the court upon the plaintiff pursuant to 22 NYCRR 130-1.1 et seq.; and it is further ordered that at the time of the scheduled hearing, plaintiff shall produce for the court’s review those documents identified herein below; and it is further ordered that at the time of the hearing, plaintiff shall produce the individuals identified herein below for the purpose of providing sworn testimony upon inquiry by the court; and it is further ordered that counsel for the plaintiff shall serve a copy of this order upon all parties and the referee via first class mail, and shall promptly thereafter file the affidavit(s) of such service with the county clerk and provide to the court a copy of said affidavit(s) at the time of the scheduled hearing.
*589 The plaintiffs motion (No. 004) seeks an order vacating the court’s prior order of reference, granted on July 9, 2010 and filed with the county clerk on August 2, 2010, and upon vacatur, granting, inter alia, a new order of reference. The basis upon which the plaintiff seeks such relief is set forth solely in plaintiffs counsel’s affirmation in support, which states in relevant part:
“2. [W]e are unable to move forward with the action, as we cannot confirm that the affidavit submitted by plaintiff in support of its original application was properly executed and notarized, as required, inter alia, pursuant to the October 20, 2010 Administrative Order of the Chief Administrative Judge (AO/548/10, as amended by AO/431/11).
“3. As such, plaintiff seeks relief herein vacating and setting aside the Order of Reference signed by the court on July 09, 2010. In addition, this application seeks a new Order of Reference to be granted in its place, supported by the new affidavit of merit of Steve Irwin sworn to on September 13, 2012 and annexed hereto, as well as by the Attorney Affirmation required under AO/431/11.”
In addition to the attorney’s affirmation in support, counsel submits an attorney affirmation pursuant to AO/431/11 in which he refers to Steve Irwin as the representative with whom he communicated to confirm the purported factual accuracy of the allegations set forth in the complaint. In this regard, the affirmation states:
“3. Plaintiff’s representative can neither confirm nor deny the accuracy of the notarizations contained in the prior affidavit submitted in support of the prior applications made to the court. As such, the undersigned will be requesting the court to vacate the prior Order of Reference granted in this action. In furtherance thereof, Plaintiff’s representative has confirmed the factual accuracy of and the accuracy of the notarizations contained in the supporting affidavit and documents submitted in support of its application to vacate the prior Order of Reference, and in support of the application for a new Order of Reference.”
No factual basis is provided to explain why plaintiff “cannot confirm that the affidavit submitted by plaintiff in support of its original application was properly executed and notarized,” or *590 why “[p]laintiff s representative can neither confirm nor deny the accuracy of the notarizations contained in the prior affidavit submitted in support of the prior applications made to the court.”
Counsel’s representations in both of his affirmations refer to an affidavit of merit and perhaps another supporting affidavit from Steve Irwin. There are no such sworn statements from Mr. Irwin or any other plaintiff representative annexed to plaintiffs motion papers. Consequently, all of the purported facts in support of the specific relief sought in plaintiffs motion are set forth merely in an attorney affirmation. It is axiomatic that the affirmation of a party’s attorney, standing alone, is insufficient where he or she has no personal knowledge of the alleged facts set forth in support of a motion (see Zuckerman v City of New York, 49 NY2d 557 [1980]; Currie v Wilhouski, 93 AD3d 816 [2d Dept 2012]; Warrington v Ryder Truck Rental, Inc., 35 AD3d 455 [2d Dept 2006]; Palo v Principio, 303 AD2d 478 [2d Dept 2003]; Falkowitz v Peters, 294 AD2d 330 [2d Dept 2002]).
Also absent from plaintiff’s current motion is a copy of plaintiff’s previous motion papers which plaintiff caused the court to rely upon in granting the July 9, 2010 order of reference. In relevant part, 22 NYCRR 202.7 (a) states that “[t]here shall be compliance with the procedures prescribed in the CPLR for the bringing of motions.” In this regard, CPLR 2214 sets forth the requirements for furnishing papers to the court. CPLR 2214 (a) requires that a “notice of motion shall specify the time and place of the hearing on the motion, the supporting papers upon which the motion is based, the relief demanded and the grounds therefor” (emphasis added). Similarly, CPLR 2214 (c) states that “[e]ach party shall furnish to the court all papers served by that party. The moving party shall furnish all other papers not already in the possession of the court necessary to the consideration of the questions involved” (emphasis added). Notwithstanding these requirements, plaintiff fails to submit a copy of the prior motion papers, including the affidavit which plaintiff caused the court to rely on in granting the order of reference, but which plaintiff now admits was unreliable when submitted. Failure to submit the prior motion precludes the court from even knowing the identity of the affiant on the prior affidavit of merit.
With regard to plaintiffs notice of motion, it is devoid of any reference to a statute upon which plaintiff relies in seeking the requested vacatur. Counsel’s affirmations in support are also *591 devoid of any statute or case authority as a basis for the relief plaintiff seeks. Although there is no requirement that a notice of motion list the statute or regulation that is the basis of the motion, at least some grounds must be mentioned (see Shields v Carbone, 99 AD3d 1100 [3d Dept 2012]; Matter of Blauman-Spindler v Blauman, 68 AD3d 1105 [2d Dept 2009]). Here, plaintiff states no grounds for the vacatur in its notice of motion, and cites no statutory or case authority in support of the requested relief.
Notwithstanding the above, it appears that plaintiff is seeking CPLR 5015 (a) (5) vacatur of the original order of reference granted in plaintiffs favor. CPLR 5015 (a) (5) states in relevant part that “[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of. . . reversal, modification or vacatur of a prior judgment or order upon which it is based.”
Generally, absent the circumstances outlined in CPLR 5015, such as newly discovered evidence, fraud, lack of jurisdiction, etc., a court order from which no appeal is taken ought to remain inviolate (Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220 [2013]; Matter of Huie [Furman], 20 NY2d 568 [1967]; Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist., 278 AD2d 364 [2d Dept 2000]; Pigno v Bunim, 74 AD2d 567 [2d Dept 1980]). It has been held that when a movant is not an aggrieved party seeking to change the legal effect of a trial court’s order, there is no basis for a motion to renew a prior motion ruled upon in the party’s favor (see Golden v Barker, 223 AD2d 769 [3d Dept 1996]). Similarly, the procedure for relief under CPLR 5015 (a) envisions the making of a motion by the aggrieved party (see Levine v Berlin, 46 AD2d 902 [2d Dept 1974]; Peters v Berkeley, 219 App Div 261 [1st Dept 1927]).
Trial courts do have inherent discretionary and statutory power to set aside their own judgments on appropriate grounds, for sufficient reason and in the interests of substantial justice, and the court’s inherent power of vacatur is not limited to the grounds set forth in CPLR 5015 (see Gurin v Pogge, 112 AD3d 1028 [3d Dept 2013]; McMahon v City of New York, 105 AD2d 101 [1st Dept 1984]; JP Morgan Chase Bank, N.A. v Lupinacci, 2013 NY Slip Op 33625[U] [Sup Ct, Suffolk County 2013]). However, before exercising its discretionary power to vacate its own July 9, 2010 order of reference, the court must have ade *592 quate proof that appropriate grounds to do so exist and that the interests of substantial justice would be served if vacatur is granted. Without a complete copy of the prior motion papers and identification of the specific inadequacies in the previously submitted proofs, the court is unable to properly make such a determination. More importantly, plaintiff now acknowledges that plaintiff “cannot confirm that the affidavit submitted by plaintiff in support of its original application was properly executed and notarized,” and that “[p]laintiff s representative can neither confirm nor deny the accuracy of the notarizations contained in the prior affidavit submitted in support of the prior applications made to the court.”
The equivocal assertions by plaintiff not only preclude granting of the requested relief, but may constitute a basis for a finding of frivolous conduct. In relevant part, 22 NYCRR 130-1.1 (a) provides that “[t]he court, in its discretion, may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in [130-1.1 (c) of] this Part . . . .” (Emphasis added.) Also, 22 NYCRR 130-1.1 (b) states: “The court, as appropriate, may make such award of costs or impose such financial sanctions against either an attorney or a party to the litigation or against both.” (Emphasis added.)
If plaintiff now “cannot confirm that the affidavit submitted by plaintiff in support of its original application was properly executed and notarized,” then submission of that affidavit in the first instance may constitute frivolous conduct as contemplated by 22 NYCRR 130-1.1 (c). Similarly, stating that “[p]laintiffis representative can neither confirm nor deny the accuracy of the notarizations contained in the prior affidavit” implies that plaintiff may have committed frivolous conduct on two fronts. On one hand, submitting the prior motion with an affidavit that was not accurate when submitted, or whose accuracy cannot now be confirmed, may constitute frivolous conduct. On the other hand, submitting this present motion to vacate, where the plaintiff cannot and does not deny the accuracy of the prior affidavit the court relied upon in granting the prior order, would be a waste of judicial resources in seeking vacatur of that prior order and may constitute frivolous conduct for submitting a frivolous motion.
Based upon the foregoing, the plaintiffs motion is denied in all respects.
Plaintiff shall appear in the courtroom of the undersigned on December 18, 2014 for a hearing to determine what, if any, *593 sanctions should be imposed upon the plaintiff pursuant to 22 NYCRR 130-1.1 et seq. At the time of the hearing, plaintiff shall produce the following documents for court review:
1. A complete copy of plaintiffs prior motion for an order of reference, and all supporting documents, which resulted in the July 9, 2010 order of reference that plaintiff now seeks to vacate; and
2. The affidavit of merit of Steve Irwin, which is referred to but not included with plaintiffs present motion papers.
Plaintiff shall also produce at the time of the hearing the following individuals, along with proof of their identity, for the purpose of providing sworn testimony upon inquiry by the court:
1. All individuals who constitute “we” as referred to in paragraph 2 of plaintiffs counsel’s affirmation in support;
2. Plaintiffs representative, Steve Irwin, as well as any other plaintiffs representatives with whom counsel communicated to confirm the purported factual accuracy of the allegations set forth in the complaint as required by AO/431/11;
3. The individual or individuals who executed all affidavits submitted in support of plaintiffs prior motion for an order of reference, which resulted in the July 9, 2010 order of reference that plaintiff now seeks to vacate, including but not limited to, the affiant who executed the affidavit of merit in the July 9, 2010 order of reference;
4. The individual or individuals who notarized all documents submitted in support of plaintiffs prior motion for an order of reference, which resulted in the July 9, 2010 order of reference plaintiff now seeks to vacate;
5. The attorney or attorneys who signed affirmations in support of plaintiffs prior application for an order of reference, which resulted in the July 9, 2010 order of reference plaintiff now seeks to vacate; and
6. The individual or individuals who notarized Steve Irwin’s affidavit of merit, which is referred to but not included with plaintiffs current motion papers.