■ In the Matter of the Arbitration between PUBLIC EMPLOYEES FEDERA-TION, AFL-CIO, Respondent, and GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS, STATE OF NEW YORK, Appellant. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered June 28, 1982 in Albany County, which granted petitioner's application pursuant to CPLR 7503 to compel arbitration between the parties. At all times involved in this proceeding a collective bargaining agreement was in force between petitioner and respondent. So far as pertinent herein section 17.3 of the agreement states: "The State and PEF shall, upon the demand of either party negotiate concerning *the imposition of fees for parking* by employees in this unit or the modification of current employee parking fees *in any parking facility* * * *. Should such negotiations fail to result in agreement, *the issue(s) shall be submitted to binding arbitra-tion"* (emphasis added). Petitioner demanded that respondent engage in nego-tiations concerning the imposition of parking fees at the State University Hospital at Stony Brook. When respondent refused to negotiate, petitioner demanded arbitration. After respondent refused to arbitrate, this application pursuant to CPLR 7503 (subd [a]) seeking to compel respondent to arbitrate was made. Respondent's answer to the petition denies that it has refused or failed to perform any act or duty which it is legally obligated to do pursuant to the collective bargaining agreement in effect between the parties. Special Term granted petitioner's application and this appeal by respondent ensued. Central to respondent's position that it had no legal obligation to accede to petitioner's request for negotiations and demand for arbitration is its assertion that the parking facilities at University Hospital at Stony Brook are managed and maintained by the Dormitory Authority, a public benefit corporation which is not an entity of the State. In brief, respondent contends that the collective bargaining agreement confers no duty on it to arbitrate issues over which it has no control. In support of its position, respondent relies upon the criteria for compelling or staying arbitration set forth in *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)* (42 NY2d 509), i.e., (1) whether the subject matter of the dispute falls within the permissible scope of negotiations under the Taylor Law, and (2) if so, whether the parties agreed by the terms of their particular arbitration clause to refer *the particular dispute to arbitration.* While conceding that the subject of employee parking is a permissible one for negotiations under the Taylor Law, respondent insists that section 17.3 of the agreement does not compel the

parties to refer to arbitration a difference concerning fees for employee parking in a specific lot over which it has no control. We disagree. Where, as here, as part of its collective bargaining agreement with petitioner, respondent has unequivocally agreed to negotiate the imposition of fees for parking by PEF employees "in any parking facility" and, should such negotiations fail to result in agreement, to submit the issue to binding arbitration, the scope of the substantive provisions of the agreement is a matter of contract interpretation and should be deemed a matter for resolution by the arbitrator (*Board of Educ. v Barni,* 49 NY2d 311). Contrary to respondent's contention, the fact that the substantive clauses of the contract might not support the grievances put forth by petitioner is irrelevant on the threshold question of arbitrability (*Matter of Board of Educ. v Deer Park Teachers Assn.,* 50 NY2d 1011). The conclusion is not contrary to the determination made in *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.) (supra).* In *Liverpool,* unlike here, the Court of Appeals held that arbitration should be stayed where the agreement did not unambiguously extend to the particular dispute. Order affirmed, with costs. Mahoney, P. J., Kane, Main, Casey and Mikoll, JJ., concur.