■ In the Matter of the Arbitration between COUNTY OF ALBANY et al., Respondents, and AFSCME, COUNCIL 82, LOCAL 775, on Behalf of MARK DESAUTELS, Appellant. (Proceeding No. 1.) In the Matter of the Arbitration between COUNTY OF ALBANY et al., Respondents, and AFSCME, COUNCIL 82, LOCAL 775, on Behalf of J. MAHAN et al., Appellant. (Proceeding No. 2.)—Main, J. Appeals from two orders of the Supreme Court at Special Term (Prior, Jr., J.), entered February 22, 1985 in

Albany County, which granted petitioners' applications pursuant to CPLR 7503 to stay arbitration between the parties and denied respondent's cross motions to compel arbitration.

These appeals stem from grievances filed with petitioner Albany County Sheriff's Department by respondent, which was acting on behalf of certain of its members. In proceeding No. 1, the grievance alleged that work substitutions, defined in the parties' collective bargaining agreement as the practice "where one employee voluntarily works for another", were being denied in violation of the agreement. In proceeding No. 2, the grievance alleged that employees' work shifts had been altered in violation of the collective bargaining agreement. After the grievances were both denied, respondent demanded arbitration. Petitioners commenced two proceedings to stay arbitration and, following Special Term's staying of arbitration on both matters, respondent appealed.

With regard to proceeding No. 1, we are of the opinion that Special Term should not have stayed arbitration. In the field of labor relations, controversies between the parties to a collective bargaining agreement fall within the scope of a broad arbitration clause contained in the agreement unless the parties have used language that clearly manifests an intent to exclude a particular subject matter from arbitration (Matter of Acting Supt. of Schools [United Liverpool Faculty Assn.], 42 NY2d 509, 512). In the instant case, all disputes except those falling under article VIII of the collective bargaining agreement were to go through a grievance procedure and then to arbitration. Only disputes under article VIII, entitled "Seniority", were to go through the grievance procedure but not to arbitration. Petitioners successfully argued at Special Term that the dispute underlying proceeding No. 1 was one falling under article VIII and was not, therefore, subject to arbitration. The record, however, does not support such a conclusion. Each and every portion of the record indicates that the underlying dispute was one falling under the agreement's article IX (§ 5), entitled "Substitution", pursuant to which arbitration was permitted. Indeed, even correspondence from petitioner Albany County's own Legislative Grievance Committee described the dispute as one concerning substitution. Because the underlying dispute did not fall within article VIII and its prohibition of arbitration, Special Term erred in staying arbitration.

We reach a contrary result in proceeding No. 2. The underlying dispute in this proceeding concerned a change in employees' regular working hours. Here, again, petitioners suc-

cessfully argued at Special Term that arbitration was prohibited and should be stayed since the dispute fell under article VIII, which reserved to the Sheriff's Department "the right to make any job or shift assignment or transfer necessary to maintain the services" of the department. Respondent contended, however, that the dispute more properly fell under article IX (§§ 3, 4), which were concerned with work week and work shift scheduling. Unlike the situation in proceeding No. 1, it is unclear which article of the agreement governs the dispute. As a result, it is unclear whether the dispute was subject to the arbitration provision of the agreement. Arbitration is properly stayed where, as here, it is not clear that the dispute in question is one subject to an agreement's arbitration provision (see, id., p 515; see also, Matter of Public Employees Fedn. [Governor's Off. of Employee Relations], 96 AD2d 655, 656). Thus, Special Term properly granted the petition to stay the arbitration in proceeding No. 2.

Order in proceeding No. 1 reversed, on the law, without costs, petition dismissed, and respondent's cross motion to compel arbitration granted.

Order in proceeding No. 2 affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.