[681 NYS2d 649]

In the Matter of the Arbitration between City of Plattsburgh, Appellant, and Plattsburgh Police Officers Union AFSCME Local 82, Respondent.

Third Department, December 10, 1998

328

APPEARANCES OF COUNSEL

*Stuart H. Brody*, Plattsburgh, for appellant.

*Hite & Casey, P. C.*, Albany (*Meredith H. Savitt* of counsel), for respondent.

## OPINION OF THE COURT

WHITE, J.

During the parties' negotiations regarding their July 1, 1995 through June 30, 1998 collective bargaining agreement, petitioner proposed the inclusion of a provision implementing the statutory benefits provided injured police officers under General Municipal Law § 207-c (hereinafter referred to as a 207-c agreement). Petitioner apparently provided respondent with several examples of 207-c agreements along with the agreement between it and its firefighters that was predicated upon General Municipal Law § 207-a. This later agreement, in conformance with General Municipal Law § 207-a (2), provided that petitioner would pay permanently disabled firefighters the difference between their disability retirement benefit and the wages that they would have earned had they continued working. Although General Municipal Law § 207-c does not confer this benefit upon permanently disabled police officers, the parties nonetheless included it in the 207-c agreement that they incorporated in the collective bargaining agreement. Although petitioner claims to have discovered the allegedly mistaken inclusion of this benefit in the summer of 1996, matters remained essentially dormant until February 4, 1997, when a disabled police officer applied for the supplemental payments provided under the parties' 207-c agreement. Petitioner's denial of his request led respondent to demand arbitration. Petitioner responded by moving for a stay of arbitration and the reformation of the 207-c agreement on the ground of mutual mistake.

Supreme Court denied the application and granted respondent's cross motion to compel arbitration, prompting this appeal.

In considering an application for a stay of arbitration of a public sector labor dispute, a court must make two inquiries: (1) are the arbitration claims with respect to the particular subject matter of the dispute authorized under the Taylor Law (Civil Service Law art 14), and (2) whether the terms of the particular arbitration clause include the subject matter of the dispute sought to be arbitrated (*see, Matter of Blackburne [Governor's Off. of Empl. Relations]*, 87 NY2d 660, 665; *Matter of Board of Educ. [Kmack]*, 216 AD2d 718). In answering the first inquiry, it must be determined if a statute, decisional law or public policy precludes a municipality and its employees from referring the dispute to arbitration (*see, Matter of Committee of Interns & Residents [Dinkins]*, 86 NY2d 478, 484).

Petitioner maintains that the answer to the first inquiry is no because the subject 207-c agreement runs afoul of statutes prohibiting public employers and employees from negotiating with respect to any benefit provided by a public retirement system (*see*, Retirement and Social Security Law § 470; Civil Service Law § 201 [4]). These statutes, however, do not prevent the creation of benefits for public sector retirees that exist separately from the benefits provided by a retirement system (*see, Ballentine v Koch*, 89 NY2d 51, 59). In our view, the supplemental payments at issue are not statutorily prohibited as they do not affect the benefit the employee will receive from the retirement system nor do they impose any obligation upon the retirement system since the benefit will be paid by petitioner. Notably, the Public Employment Relations Board has stated that General Municipal Law § 207-c establishes a floor below which an employee's benefits may not fall and, thus, a public employer may, pursuant to collective bargaining negotiations, provide benefits to its employees in excess of those provided by General Municipal Law § 207-c (*see, Matter of Civil Serv. Empls. Assn., Local 1000 [County of Nassau]*, 23 PERB ¶ 4595). Based on the foregoing, we find that the answer to the first inquiry is yes.

We further find that the dispute as to whether the employee is entitled to the benefits provided by the 207-c agreement is arbitrable given the collective bargaining agreement's definition of a grievance as "a complaint by [respondent] * * * that there has been a violation, misunderstanding or inequitable application of any of the provisions of this Agreement" (*see, Board of Educ. v Barni*, 49 NY2d 311, 314-315).

Having answered the inquiries in the affirmative, we would normally proceed no further. Petitioner nevertheless urges us to stay arbitration and remit this matter for a hearing on the issue of reforming the 207-c agreement. We decline to do so since the scope of the substantive provisions of the collective bargaining agreement, including a failure to reflect a meeting of the minds, is for the arbitrator to decide (see, Matter of County of Sullivan [Sullivan County Empls. Assn.], 235 AD2d 748; Matter of Fener Realty Co. [NICO Constr. Co.], 182 AD2d 436). Moreover, permitting petitioner to defer arbitration by mounting a challenge to the 207-c agreement in the judicial forum contravenes the public policy of this State favoring arbitral resolution of public sector labor disputes (see, Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.], 90 NY2d 364, 372). Lastly, we are, in any event, disinclined to entertain petitioner's request as it had ample time prior to this proceeding to seek relief in the judicial forum.

For these reasons, we affirm the order of Supreme Court.

CARDONA, P. J., MERCURE, YESAWICH JR. and PETERS, JJ., concur. Ordered that the order is affirmed, with costs.