■ ROBERT AUGUSTINE, Appellant, v JOHN N. SUGRUE, Respondent, et al., Defendants. [779 NYS2d 515]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated April 30, 2003, as granted that branch of the motion of the defendant John N. Sugrue which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant John N. Sugrue is denied, and the complaint is reinstated against that defendant.

The appellant was a passenger in a vehicle operated by the defendant John N. Sugrue which was involved in a three-vehicle collision. The defendant Andrew W. Novak was the driver of the lead vehicle, Sugrue was the driver of the middle vehicle, and the defendant George J. Eytzinger was the driver of the third vehicle. Sugrue and his wife commenced an action (hereinafter the related action) against Eytzinger and Novak and the appellant commenced a separate action against all three drivers. A joint trial of the actions was subsequently ordered.

At his deposition, Sugrue testified that when Novak's vehicle came to a stop in front of him, he was able to stop his vehicle without hitting Novak's, but that Eytzinger rear-ended him, propelling his vehicle into Novak's vehicle. The appellant and Novak testified, however, that there were two impacts between Sugrue's and Novak's vehicles. According to their testimony, Sugrue's vehicle first lightly struck Novak's vehicle and then there was a second heavy impact between those vehicles after Eytzinger rear-ended Sugrue's vehicle.

After depositions were completed, Novak moved for summary judgment dismissing the complaints in both actions insofar as asserted against him. Sugrue and his wife cross-moved in the related action for summary judgment on the issue of liability against Eytzinger. Although not a party to that action, the appellant opposed the cross motion, as well as Novak's motion. He contended, inter alia, that there was an issue of fact as to whether Sugrue was negligent. The Supreme Court issued an order in the related action, inter alia, granting the cross motion of Sugrue and his wife.

Sugrue then moved in this action, inter alia, for summary judgment dismissing the appellant's complaint insofar as asserted against him, contending that the doctrine of collateral estoppel precluded the appellant from relitigating the issue of Sugrue's negligence. According to Sugrue, the Supreme Court necessarily decided that he was free from negligence when it granted the cross motion, and the appellant had a full and fair opportunity to litigate that issue. The Supreme Court granted summary judgment dismissing the complaint insofar as asserted against Sugrue, finding an identity of issue and concluding that the appellant had the same full and fair opportunity as any named party in the related action to litigate that determinative issue.

The equitable doctrine of collateral estoppel precludes a party, or one in privity with a party, from relitigating an issue previously decided against it where the party had a full and fair opportunity to contest the determination (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]; *Kaufman v Lilly & Co.*, 65 NY2d 449, 455 [1985]). Here, the appellant was not a party to the related action and he did not control the course of that litigation (*see Matter of Juan C. v Cortines*, 89 NY2d 659, 667-668 [1997]; *Watts v Swiss Bank Corp.*, 27 NY2d 270, 277 [1970]). Although the appellant submitted opposition papers which were considered by the court therein, he did not have the opportunity to appeal the determination because he was not aggrieved by the court's order (*see Skay v Public Lib. of*

*Rockville Ctr.*, 238 AD2d 397 [1997]). Under the circumstances, the appellant did not have a full and fair opportunity to litigate the issue of Sugrue's negligence (*see Matter of Juan C. v Cortines, supra* at 672; *People v Sailor*, 65 NY2d 224, 229 [1985], *cert denied* 474 US 982 [1985]; *People v Medina*, 208 AD2d 771, 772 [1994]; *Johnson v Watkins*, 101 F3d 792, 793, 795-796 [1996]; Restatement [Second] of Judgments § 28 [1]; *see also Williams v Moore*, 197 AD2d 511, 513 [1993]; *People v Howard*, 152 AD2d 325, 329 [1989]). Consequently, the doctrine of collateral estoppel should not have been applied.

In light of our determination, we do not address the appellant's remaining contention. Altman, J.P., Smith, Krausman and Skelos, JJ., concur.