■ PHYLLIS LEDER, Respondent-Appellant, v ROBERT HOROWITZ et al., Appellants-Respondents. [806 NYS2d 212]—

In an action, inter alia, to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated November 3, 2004, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Robert Horowitz, Steven B. Tannenbaum, and Horowitz, Tannenbaum & Silver, P.C., and the plaintiff cross-appeals, as limited by her brief, from so much of same order as denied her cross motion for summary judgment on the issue of liability.

Ordered that the appeal by the defendant Vickie R. Silver is dismissed, without costs or disbursements, as she is not aggrieved by the portions of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the contention of the defendants Robert Horo-
witz, Steven Tannenbaum, and Horowitz, Tannenbaum & Silver,
P.C. (hereinafter the defendants), the doctrine of collateral estop-
pel does not apply to this case because the issue of whether the
plaintiff consented to settle the underlying action to recover
damages for personal injuries for the sum of $50,000 was never
adjudicated (*see generally Kaufman v Eli Lilly & Co.*, 65 NY2d
449 [1985]; *Augustine v Sugrue*, 8 AD3d 517 [2004]; *Jimenez v
Shippy Realty Corp.*, 213 AD2d 377 [1995]). Additionally, the
plaintiff properly pleaded, in the alternative, that she did not
consent to the settlement, and that if she had consented to the
settlement, she was essentially compelled to settle the underly-
ing action due to the defendants' negligence (*see* CPLR 3014).

The defendants, as the movants, failed to submit evidence
sufficient to establish their entitlement to judgment as a matter
of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The
plaintiff likewise failed to meet her initial burden on her cross
motion (*id.*). Even if the affidavit of the plaintiff's expert was
admissible, it was insufficient to establish the elements of legal
malpractice as a matter of law (*see Amona v Orange & Rockland
Util., Inc.*, 17 AD3d 386 [2005]). Under the circumstances, a tri-
able issue of fact exists as to whether the plaintiff consented to
the settlement and whether, but for the defendants' alleged
negligence, the plaintiff would have obtained a larger recovery
in the underlying action (*see generally Keeley v Tracy*, 301 AD2d
501 [2003]; *Aversa v Safran*, 303 AD2d 700 [2003]; *Ippolito v
McCormack, Damiani, Lowe & Mellon*, 265 AD2d 303 [1999];
*Zasso v Maher*, 226 AD2d 366 [1996]). Accordingly, the Supreme
Court properly denied the defendants' motion for summary
judgment dismissing the complaint insofar as asserted against
them and properly denied the plaintiff's cross motion for sum-
mary judgment on the issue of liability. Schmidt, J.P., Adams,
Luciano and Covello, JJ., concur.