OPINION OF THE COURT
Daniel Palmieri, J.
Petitioner’s application to confirm the arbitration award described below is denied for the reasons set forth herein and the petition is dismissed.
Petitioner Lawrence Teacher’s Association (LTA) is a labor organization that is the exclusive bargaining agent for teachers and others employed by respondent school district (the District).
As a result of a prior proceeding, LTA and the District entered into a stipulation of settlement (the stipulation) which provided in substance that persons who render services to students for whom the District has an obligation to provide services shall be part of the LTA bargaining unit, unless such persons are members of another bargaining unit, irrespective of whether the services are provided within the District, or to a student from the District who attends school and receives the services in another school district.
Disputes pursuant to the stipulation are governed by the arbitration provisions of the collective bargaining agreement. A dispute between the District and the LTA arose over the use of a teacher, not a member of LTA, to render services at the Lawrence Woodmere Academy, which the parties agree, is located in another district. The LTA demanded arbitration and the District unsuccessfully sought a stay of the arbitration on the ground that the stipulation violated public policy. Thereafter, following a hearing, arbitrator Bonnie Siber Weinstock, in a well-reasoned decision, ruled in favor of the LTA. She found that there was no violation of public policy and that the stipulation had been violated. The LTA was awarded the dues it would have received if the work had been performed by a member of the LTA, and the District was ordered to cease and desist from violating the stipulation. This timely petition to confirm the arbitration award ensued.
The District opposes the petition to confirm the award on essentially the same grounds previously argued, i.e., that the stipulation should not be enforced because it violates public policy.
Education Law § 3602-c (2) provides in pertinent part that, upon request, boards of education shall furnish services to pupils *314 who attend nonpublic schools in such school district. The request is to be made to the board of education of the school district in which the pupil resides and that school district shall contract with the school district in which the nonpublic school is located to provide the service.
The statute states in haec verba as follows:
“Boards of education of all school districts of the state shall furnish services to pupils who are residents of this state and who attend nonpublic schools located in such school districts, upon the written request of the parent or person in parental relation of any such pupil . . . Such school district shall contract with the school district in which the nonpublic school attended by the pupil is located for the provision of services pursuant to this section.” (Education Law § 3602-c [2].)
Education Law § 3602-c (1) (a) defines “Services” as including instruction in the areas of gifted pupils, career education and education for students with disabilities. The type or eligibility for services is not an issue here.
The above means that a school district in which a nonpublic school is located must provide defined services to pupils who attend a nonpublic school in the district but are residents of another district.
The request for services is made upon the school district of residence that is in turn required to contract with the school district in which the nonpublic school is located to provide the services. Alternatively the district of residence may contract with BOCES to provide required services. That latter section is not in issue here.
The stipulation contains a savings clause that provides that if the district where the nonpublic school is located is unable to fill a position, the District may contract with an outside agency in order to provide the services.
The interpretation adopted by the arbitrator and contended by the petitioner contravenes the applicable Education Law provisions. By their reading, the persons directly rendering services to a pupil in a venue that is out of the district must be a member of the bargaining unit having the contract with the district of residence. However, it is the district where the student is located that is obligated by the statute to provide for the services.
The district of residence, here the respondent District, is required to enter into a contract with the district where the *315 student is attending school for the providing of such services. Thus, the District would, under the stipulation, be required to pass on to the district of location the District’s obligation to employ bargaining unit members. Since the District does not provide the educational services or control the educational services rendered under the statute, but merely pays for them, it has no way to comply with the stipulation for the single reason that the stipulation cannot bind the district of location. In short, the stipulation only works as a mechanism for employment of bargaining unit members when it is the District itself that provides the services, but it cannot work where, as here, the obligation to provide the services is delegated by the Education Law to the district where the services are rendered.
This interpretation is reinforced by recent legislation adopted as Laws of 2005 (ch 352, § 22), effective June 30, 2006, which adds a provision specifically permitting a school district to provide such services directly or by contract with the district of location. Pursuant to the amended statute, the District is permitted to provide such services, and of course under the stipulation, would be bound to use members of the petitioner’s bargaining unit.
Although the stipulation seems to contradict the Education Law, inquiry still must be made as to whether the stipulation violates public policy and, as such, should not be enforced by the arbitration award.
Absent provision to the contrary, arbitrators are not bound by principles of substantive law or rules of evidence. Their duty is to reach a just result regardless of technicalities. (Matter of Associated Teachers of Huntington v Board of Educ., Union Free School Dist. No. 3, Town of Huntington, 33 NY2d 229, 235 [1973].)
However, where certain issues are interlaced with public policy, considerations should not be left to the discretion of arbitration. (Id.) In matters of labor disputes, strong public policy considerations have historically favored arbitration as means of settlement or resolution. (Id. at 236.) So strong is the policy in favor of arbitration in labor disputes that courts have been taught not to stay an arbitration based on the prospective presumption that an award will, when rendered, violate public policy. (Port Washington Union Free School Dist. v Port Washington Teachers Assn., 45 NY2d 411 [1978]; cf. Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO, 95 NY2d 273, 288 [2000] [arbitration will not *316 be ordered where the granting of any relief would interfere with a criminal investigation and thus arbitration would violate public policy (Kaye, Ch. J., dissenting)].) However, notwithstanding strong policy reasons for favoring arbitration in labor disputes, it has been held that some duties are so important that a school district may not bargain them away and when this occurs arbitrators may not alter the responsibilities of a school district. (Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist., 45 NY2d 898, 900 [1978].)
The issue of public policy may be raised for the first time following the arbitration award. However, the public policy ground is a narrow one, and setting aside an award on this basis is predicated on a two-prong test. First, a court must be able to conclude, without fact-finding or legal analysis, that a law absolutely prohibits the particular matters to be decided. Second, the award itself must violate a well-defined constitutional, statutory or common law of the State. (United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of NY., 1 NY3d 72 [2003].)
Application of this standard resulted in a refusal to invoke public policy reasons as a ground to vacate an arbitration decision on the selection of candidates for after school teaching positions. (Id. at 82.) But where an award violated the state Education Law dealing with teacher qualifications, arbitration could not be used to determine job qualifications, and to decide which individual had best fulfilled those qualifications. (Matter of Three Vil. Teachers’ Assn. v Three Vil. Cent. School Dist., 128 AD2d 626 [2d Dept 1987], lv denied 70 NY2d 608 [1987]; see also, Matter of City of Plattsburgh [Plattsburgh Police Officers Union AFSCME Local 82], 250 AD2d 327 [3d Dept 1998].)
Here, enforcement of the arbitration award would require alteration of the statutory scheme embodied in Education Law § 3602-c (2). Rather than have the special services mandated to be provided by the school district in which the services are located, the award requires that the services be rendered by employees of the district. Also, if it is expected that the employees who render the services are to be employees of the district of location, it would be impossible for them to be members of the bargaining unit represented by the petitioner, LTA. It would create the anomaly of having LTA represent persons employed by a different school district. Finally, there can be no solution based on requiring the district of location to comply with the stipulation, because that district cannot be forced to comply *317 with a contract in which it has no part. Accordingly, there can be no conclusion but that the arbitration award violates the Education Law and by extension public policy, and should not be confirmed.
Inasmuch as respondent District has not made a timely application to vacate the arbitration award (CPLR 7511 [a]), this decision is limited to whether the award should be confirmed (CPLR 7510). Confirmation is denied for the reasons set forth above and the petition is dismissed.