Matter of Village of Endicott (Village of Endicott Police Benevolent Assn., Inc.) (2020 NY Slip Op 02218)





Matter of Village of Endicott (Village of Endicott Police Benevolent Assn., Inc.)


2020 NY Slip Op 02218


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

527843 528359

[*1]In the Matter of the Arbitration between Village of Endicott, Appellant, and Village of Endicott Police Benevolent Association, Inc., Respondent.

Calendar Date: February 19, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


Coughlin & Gerhart, LLP, Binghamton (Paul J. Sweeney of counsel), for appellant.
The Tuttle Law Firm, Clifton Park (James B. Tuttle of counsel), for respondent.



Garry, P.J.
Appeals (1) from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered October 10, 2018 in Broome County, which denied petitioner's application pursuant to CPLR 7503 to permanently stay arbitration between the parties, and (2) from an order of said court, entered January 15, 2019 in Broome County, which denied petitioner's motion to reargue.
Petitioner and respondent entered into a collective bargaining agreement (hereinafter CBA), effective from June 2014 through May 2018. In April 2018, the police chief of the Endicott Police Department (hereinafter the police department) issued a memorandum providing, as pertinent here, that overtime was not to be used in staffing a fourth officer on certain shifts. Respondent filed a grievance, claiming that this directive violated article VIII, subsection D of the CBA and the police department's "long standing practice" of staffing four officers for each shift. The police department denied the grievance, stating that article VIII, subsection D seeks to enforce a purported minimum staffing clause and, therefore, is not subject to arbitration. Pursuant to the CBA, respondent then filed a grievance with the Mayor of the Village of Endicott, who also denied the grievance. A demand for arbitration was then served. Petitioner moved to permanently stay arbitration, arguing that the dispute is not arbitrable for public policy reasons and, further, that the subject clause had been examined within a prior proceeding in 2013, such that this matter was prohibited under the doctrines of collateral estoppel and/or law of the case. Supreme Court denied the stay application, finding that the 2013 order was not controlling and that the subject provision did not pertain to job security and was therefore arbitrable. Petitioner's motion to reargue was later denied. Petitioner appeals from both the denial of its application to permanently stay arbitration and the denial of its motion to reargue.[FN1]
Initially, we agree with Supreme Court that the prior determination in 2013 did not preclude this litigation under the doctrines of res judicata, collateral estoppel or law of the case. "The underlying purpose of the doctrines of res judicata and collateral estoppel is to prevent repetitious litigation of disputes which are essentially the same" (State of New York v Jeda Capital-Lenox, LLC, 176 AD3d 1443, 1446-1447 [2019] [internal quotation marks, brackets and citations omitted]; see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 665-666 [1990]). As the court noted, the prior decision did similarly arise as a challenge to certain provisions set forth within article VIII of the parties' prior CBA. In 2013, respondent argued that the police department's employment of only 30 officers violated subsection A of that CBA, which mandated a staffing of 35 officers. The court held that arbitration must be stayed, as the provision was a job security provision that did not meet the established requirements for arbitrability (see Matter of Johnson City Professional Firefighters Local 921 [Village of Johnson City], 18 NY3d 32, 37-38 [2011]). Although the present litigation also deals with article VIII, the challenge is to subsection D alone. Upon review, we agree that the distinction between the two subsections is important, and that subsections A and D are neither the same nor essentially the same (compare Yoonessi v State of New York, 289 AD2d 998, 999 [2001], lv denied 98 NY2d 609 [2002], cert denied 537 US 1047 [2002]). Similarly, "[w]e need not consider the doctrine of law of the case since it applies to various stages of the same litigation and not to different litigations" (Matter of McGrath v Gold, 36 NY2d 406, 413 [1975]).
In determining whether a grievance is arbitrable, the court must undertake a two-prong analysis. The first prong — the "may-they-arbitrate" prong — "ask[s] whether there is any statutory, constitutional or public policy prohibition[] against arbitration" (Matter of City of Johnstown [Johnstown Police Benevolent Assn., 99 NY2d 273, 278 [2002]). The second prong — the "did-they-agree-to-arbitrate" prong — is only reached "[i]f there is no prohibition" as described in prong one and asks whether "the parties have agreed to dispute the issue" (id.).
Petitioner asserts that arbitration is barred as the underlying subsection is a job security provision, such that arbitration would violate public policy. There are some exceptions to this prohibition; a job security provision "does not violate public policy, and therefore is valid and enforceable, only if the provision is 'explicit,' the CBA extends for a 'reasonable period of time,' and the 'CBA was not negotiated in a period of a legislatively declared financial emergency between parties of unequal bargaining power'" (Matter of Johnson City Professional Firefighters Local 921 [Village of Johnson City], 18 NY3d at 37, quoting Matter of Burke v Bowen, 40 NY2d 264, 267 [1976]). The "requirement that 'job security' clauses meet this stringent test derives from the notion that before a municipality bargains away its right to eliminate positions . . ., the parties must explicitly agree that the municipality is doing so" (Matter of Johnson City Professional Firefighters Local 921 [Village of Johnson City], 18 NY3d at 37). "A job security provision insures that, at least for the duration of the agreement, the employee need not fear being put out of a job" (Matter of Board of Educ. of Yonkers City School Dist. v Yonkers Fedn. of Teachers, 40 NY2d 268, 275 [1976]; accord Matter of City of Lockport [Lockport Professional Firefighters Assn., Inc.], 141 AD3d 1085, 1087-1088 [2016]).
Article VIII of the CBA is titled "Staffing and Supervision." Subsection A states that the police department will be staffed with 33 officers, one chief and one captain, for a total of 35 employees. As above, this was previously held to constitute a job security provision. Subsection D provides that "[f]or purposes of this section a '[s]hort [s]hift' would be any shift involving less than a two-zone [complement]. A two-zone [complement] would mean four officers on duty, one of whom would be serving in a supervisory capacity." The police department memorandum that respondent seeks to challenge in arbitration mandates that "[w]hen the short shift results in less than three (3) officers on the road . . . overtime is not to be used to fill the fourth . . . patrol slot" for the first and third shifts. More simply, if an officer did not report for duty on the first or third shift, leaving only three officers on that shift, overtime would be unavailable to staff a fourth officer. Notably, this subsection "does not purport to guarantee a[n] [officer] his or her employment while the CBA is in effect" (Matter of City of Lockport [Lockport Professional Firefighters Assn., Inc.], 141 AD3d at 1088; compare Matter of Board of Educ. of Yonkers City School Dist. v Yonkers Fedn. of Teachers, 40 NY2d at 272), nor does it prohibit layoffs (compare Matter of Johnson City Professional Firefighters Local 921 [Village of Johnson City], 18 NY3d at 36; Matter of City of Plattsburgh [Plattsburgh Permanent Firemen's Assn.], 174 AD3d 1017, 1019 [2019]). It also does not protect officers "from abolition of their positions due to budgetary stringencies" (Matter of Board of Educ. of Yonkers City School Dist. v Yonkers Fedn. of Teachers, 40 NY2d at 275; compare Matter of City of Plattsburgh [Plattsburgh Permanent Firemen's Assn.], 174 AD3d at 1019-1020). The plain language of the provision merely provides for minimum staffing on particular shifts.
We agree with Supreme Court that this subsection is not a job security provision, and the stringent test in Matter of Johnson City Professional Firefighters Local 921 (Village of Johnson City) (18 NY3d at 37) does not apply (see Matter of City of Watertown [Watertown Professional Firefighters Assn., Local 191], 169 AD3d 1396, 1397 [2019], lv denied 33 NY3d 904 [2019]; Matter of City of Lockport [Lockport Professional Firefighters Assn., Inc.], 141 AD3d at 1088; compare Matter of Burke v Bowen, 40 NY2d at 267). Although subsection D does not expressly mention safety, we find that it is nonetheless more akin to a condition of employment, such as the safety of officers, than to a job security provision (see Matter of City of Lockport [Lockport Professional Firefighters Assn., Inc.], 141 AD3d at 1087; compare Matter of City of Plattsburgh [Plattsburgh Permanent Firemen's Assn.], 174 AD3d at 1019).[FN2]
In the absence of any statutory, constitutional or public policy prohibition against arbitration, the analysis then shifts to whether the parties agreed to arbitrate this matter. Article XIV of the CBA provides a grievance procedure culminating in arbitration. Accordingly, as "the parties have [not] used language that clearly manifests an intent to exclude" this subject from arbitration, this grievance falls "within the scope of [the CBA's] broad arbitration clause" and Supreme Court properly denied petitioner's stay of arbitration (Matter of County of Albany [AFSCME, Council 82], 114 AD2d 732, 733 [1985]; compare Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509, 514 [1977]).
Clark, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the order entered October 10, 2018 is affirmed, without costs.
ORDERED that the appeal from the order entered January 15, 2019 is dismissed, without costs.



Footnotes

Footnote 1: As "the denial of a motion to reargue is not appealable," petitioner's appeal challenging such must be dismissed (Hyman v Pierce, 145 AD3d 1224, 1225 [2016]; see Matter of County of Broome, 90 AD3d 1260, 1261 [2011]).

Footnote 2: As Supreme Court noted, it remains for the arbitrator to determine whether this is a safety provision. However, a staffing requirement that officers patrol in pairs does appear as a possible safety concern.