Matter of City of Troy (Troy Uniformed Firefighters Assn., Local 86, IAFF, AFL-CIO) (2021 NY Slip Op 03640)





Matter of City of Troy (Troy Uniformed Firefighters Assn., Local 86, IAFF, AFL-CIO)


2021 NY Slip Op 03640


Decided on June 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 10, 2021

530885
[*1]In the Matter of the Arbitration between City of Troy, Appellant, and Troy Uniformed Firefighters Association, Local 86, IAFF, AFL-CIO, Respondent.

Calendar Date:April 21, 2021

Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Goldberg Segalla LLP, Albany (Jonathan M. Bernstein of counsel), for appellant.
Blitman & King LLP, Syracuse (Nathaniel G. Lambright of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (McNally Jr., J.), entered January 24, 2020 in Rensselaer County, which denied petitioner's application pursuant to CPLR 7503 to permanently stay arbitration between the parties.
Petitioner and respondent are parties to a collective bargaining agreement (hereinafter CBA). In April 2019, respondent filed a grievance against petitioner alleging that petitioner violated article XIV (F) of the CBA based on its action in calculating the 15% employee contribution not on the premium cost of health insurance coverage, but instead on an inflated, unknown figure that does not reflect the actual cost of coverage. Petitioner denied the grievance as untimely, for failure to comply with the arbitration procedures, and as meritless, as the CBA does not expressly state how the premiums are to be calculated. Thereafter, respondent filed a demand for arbitration. In response, petitioner commenced this proceeding seeking to permanently stay arbitration pursuant to CPLR 7503 (b). Supreme Court denied petitioner's application, finding that the grievance was arbitrable. Petitioner appeals.
"The court's role in reviewing applications to stay arbitration is a limited one" (Matter of Board of Educ. of the Hudson City Sch. Dist. [Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, Columbia County, Local 811, Hudson City Sch. Dist. Aides Unit], 174 AD3d 1112, 1113 [2019] [internal quotation marks and citations omitted]). The threshold determination is whether the subject matter of the grievance is arbitrable. This involves a two-part inquiry into whether "there is any statutory, constitutional or public policy prohibition against arbitration of the grievance. If no prohibition exists, we then ask whether the parties in fact agreed to arbitrate the particular dispute by examining their collective bargaining agreement" (Matter of City of Troy [Troy Police Benevolent & Protective Assn., Inc.], 191 AD3d 1203, 1205 [2021] [internal quotation marks and citations omitted]). Petitioner does not contend that arbitration of the grievance was prohibited by law or public policy. Thus, the inquiry distills to whether the parties agreed to arbitrate this particular grievance.
If the CBA contains a broad arbitration clause, "an agreement to arbitrate will be found by the court as long as there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (Matter of Board of Educ. of the Hudson City Sch. Dist. [Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, Columbia County, Local 811, Hudson City Sch. Dist. Aides Unit], 174 AD3d at 1113 [internal quotation marks and citations omitted]). Article II (G) of the CBA broadly defines a grievance as "a claimed violation, misinterpretation or inequitable application of the existing rules, procedures or regulations covering the terms and conditions applicable to the employees of [petitioner's Bureau of Fire] and shall include [*2]also all the provisions of this [a]greement." The principle governing the grievance procedure, as set forth in article VIII, is that "[e]very [e]mployee shall have the right to present a grievance in accordance with the procedures herein, free from interference, coercion, restraint, discrimination or reprisal." Article XIV addresses health insurance benefits, with article XIV (F) discussing an employee's contribution to insurance premiums.
As the grievance involves health insurance benefits, which are an employee benefit and an express provision of the CBA, we find that the "grievance falls within the scope of disputes that the parties agreed to submit to arbitration" (Matter of County of Greene [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Greene County Unit 7000, Greene County Local 820], 129 AD3d 1181, 1183 [2015], lv denied 26 NY3d 908 [2015]; see Matter of Union-Endicott Cent. School Dist. [Union-Endicott Maintenance Workers' Assn.], 85 AD3d 1432, 1435 [2011]). "The fact that the substantive clauses of the contract might not support the grievances is irrelevant on the threshold question of arbitrability. It is for the arbitrator, and not the courts, to resolve any uncertainty concerning the substantive rights and obligations of the parties" (Matter of Cortland County [CSEA, Inc., Local 1000 AFSCME, AFL-CIO], 140 AD3d 1344, 1346 [2016] [internal quotation marks, brackets, ellipsis and citations omitted]; see Matter of Brunswick Cent. Sch. Dist. [Brittonkill Teachers Assn.], 114 AD3d 1076, 1077 [2014]).
Petitioner next contends that respondent failed to timely file and comply with the grievance procedures. "[A]ny argument concerning compliance with the grievance process, including any time limitations thereunder, is likewise a matter for the arbitrator to decide" (Matter of City of Troy [Troy Police Benevolent & Protective Assn., Inc.], 191 AD3d at 1208; see Matter of Board of Educ. of Schenectady City School Dist. [Schenectady Fedn. of Teachers], 61 AD3d 1175, 1176 [2009]). Accordingly, Supreme Court properly denied petitioner's application to permanently stay arbitration.
Lynch, J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.