Santiago v General Motors LLC (2024 NY Slip Op 05930)

Santiago v General Motors LLC

2024 NY Slip Op 05930

Decided on November 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 27, 2024

CV-23-1361 CV-24-0188
[*1]Trista Santiago, Plaintiff,
v
General Motors LLC, et al., Defendants. Stephen E. Van Gaasbeck, Appellant. Ranieri, Light & O'Dell, PLLC, Respondent.

Calendar Date:October 15, 2024

Before:Clark, J.P., Pritzker, Lynch, Fisher and Powers, JJ.

Rubin Law, PLLC, New York City (Denise A. Rubin of counsel), for appellant.
Raneri, Light & O'Dell, PLLC, White Plains (Kevin D. O'Dell of counsel), for respondent.

Pritzker, J.
Appeals (1) from an order of the Supreme Court (David M. Gandin, J.), entered June 22, 2023 in Ulster County, which denied a motion by Ranieri, Light & O'Dell, PLLC to, among other things, extinguish a lien asserted by Stephen E. Van Gaasbeck, and (2) from an order of said court, entered January 24, 2024 in Ulster County, which denied Stephen E. Van Gaasbeck's motion to renew and/or reargue.
Plaintiff commenced this action to recover monetary damages for personal injuries sustained following a car accident. Ranieri, Light & O'Dell, PLLC (hereinafter the law firm) acted as plaintiff's counsel, and sought assistance from Stephen E. Van Gaasbeck, an attorney from Texas. Upon plaintiff's settlement with defendant General Motors, LLC, the law firm paid Van Gaasbeck in excess of $280,000 for his services. Upon a settlement with the remaining defendants, the law firm and Van Gaasbeck disagreed as to how much Van Gaasbeck should be paid for his services on this portion of the lawsuit. In March 2023, the law firm moved to extinguish any lien upon the counsel fees asserted by Van Gaasbeck. Van Gaasbeck opposed, asserting that he engaged in extensive research on this portion of the case and that he had a significant role in the settlement with the remaining defendants. Van Gaasbeck did not seek any affirmative relief relative to the motion. In June 2023, Supreme Court denied the law firm's motion, finding that the proper procedural mechanism for obtaining a declaration extinguishing any interest Van Gaasbeck may have in the disputed settlement proceeds is a plenary action,[FN1] particularly considering that Van Gaasbeck had not moved to enforce a lien.
In December 2023, Van Gaasbeck moved to renew and reargue, requesting that Supreme Court "correct certain erroneous material factual findings set forth in [the June 2023 order]." Specifically, Van Gaasbeck asserted that the court erred in finding that no fee agreement existed and that Van Gaasbeck was not an attorney of record. The law firm opposed, arguing that the motion was untimely and that Van Gaasbeck failed to show that the court missed important facts or misinterpreted the applicable law. In a January 2024 order, the court denied Van Gaasbeck's motion finding, among other things, that Van Gaasbeck did not have standing to seek renewal as he was not aggrieved by the June 2023 order. Van Gaasbeck appeals both the June 2023 and January 2024 orders.
We turn first to Van Gaasbeck's appeal of Supreme Court's June 2023 order. "Aggrievement is a central and necessary component to invoke this Court's jurisdiction, and only an aggrieved party may take an appeal to this Court" (Matter of Roach v Cornell Univ., 207 AD3d 931, 931 [3d Dept 2022] [internal quotation marks, brackets and citation omitted]; see CPLR 5511). As relevant here, "[a] party is aggrieved when the court denies the relief it requested or grants relief, in whole or in part, against a party who had opposed the relief" (Trustco Bank v Preserve Dev[*2]. Group Co., LLC, 190 AD3d 1176, 1177-1178 [3d Dept 2021], lv denied 37 NY3d 909 [2021]). Here, Van Gaasbeck did not seek any affirmative relief. Rather, he simply opposed the law firm's motion, which was denied by the court. Therefore, he is not aggrieved (see e.g. Argenio Bros. v New Paltz Cent. School Dist., 87 AD2d 879, 879 [2d Dept 1982]).
Despite not seeking any affirmative relief, Van Gaasbeck claims that he is aggrieved because some of the factual findings in Supreme Court's order denying the law firm's motion are contrary to his interests and, if the order is not reversed, could collaterally estop him from making certain arguments in the subsequently commenced plenary action. However, "aggrievement is about whether relief was granted or withheld, and not about the reasons therefor" (Mixon v TBV, Inc., 76 AD3d 144, 149 [2d Dept 2010]; see Matter of Dolomite Prods. Co., Inc. v Town of Ballston, 151 AD3d 1328, 1331 [3d Dept 2017]). "The equitable doctrine of collateral estoppel precludes a party, or one in privity with a party, from relitigating an issue previously decided against it where the party had a full and fair opportunity to contest the determination" (Augustine v Sugrue, 8 AD3d 517, 518 [2d Dept 2004] [citations omitted]; see Conason v Megan Holding, LLC, 25 NY3d 1, 17 [2015]). Collateral estoppel is "grounded on concepts of fairness and should not be rigidly or mechanically applied" and "the party to be precluded from relitigating [an] issue must have had a full and fair opportunity to contest the prior determination" (Matter of Juan C. v Cortines, 89 NY2d 659, 667 [1997] [internal quotation marks and citations omitted]). As such, where, as here, a litigant is not aggrieved by a determination and therefore does not have an opportunity to appeal it, he or she has not had "a full and fair opportunity to litigate [an] issue" and collateral estoppel should not be applied (Augustine v Sugrue, 8 AD3d at 518-519; compare Stiles v Graves, 143 AD3d 1215, 1216-1217 [3d Dept 2016]). Nor would the factual findings challenged by Van Gaasbeck be binding in the plenary action under the law of the case doctrine (see generally Matter of McGrath v Gold, 36 NY2d 406, 413 [1975]; Matter of Village of Endicott [Village of Endicott Police Benevolent Assn., Inc.], 182 AD3d 738, 740 [3d Dept 2020]; Fidler v Gordon-Herricks Corp., 173 AD3d 840, 841 [2d Dept 2019]; Chanice v Federal Express Corp., 118 AD3d 634, 635 [1st Dept 2014]). Accordingly, Van Gaasbeck's appeal from the June 2023 order must be dismissed.
Turning now to the January 2024 order, which denied Van Gaasbeck's motion to renew and reargue, "we first note that no appeal lies from the denial of a motion to reargue" (Bank of N.Y. Mellon Trust Co., N.A. v Balash, 156 AD3d 1203, 1204 [3d Dept 2017]; see Matter of Griffin-Robinson v New York State Dept. of Corr. & Community Supervision, 226 AD3d 1246, 1248 [3d Dept 2024]). As to that part of the motion that sought renewal, we disagree with Van [*3]Gaasbeck that Supreme Court's denial was erroneous. "[W]hen a movant is not an aggrieved party seeking to change the legal effect of a trial court's order, there is no basis for a motion to renew a prior motion ruled upon in the party's favor" (Onewest Bank FSB v Escobar, 46 Misc 3d 587, 591 [Sup Ct, Suffolk County 2014], citing Golden v Barker, 223 AD2d 769, 770 [3d Dept 1996]). Accordingly, we affirm that portion of the January 2024 order which denied Van Gaasbeck's motion to renew.
Clark, J.P., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the appeal from the order entered June 22, 2023 is dismissed, with costs.
ORDERED that the appeal from the order entered January 24, 2024 is affirmed, with costs.

Footnotes

Footnote 1: In fact, a plenary action has since been commenced.